# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| KEVIN PICKARD, | * | |
| | * | No. 20-276v |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: October 27, 2022 |
| | * | |
| SECRETARY OF HEALTH | * | Stipulation; influenza vaccine; |
| AND HUMAN SERVICES, | * | chronic inflammatory demyelinating |
| | * | polyneuropathy ("CIDP"); |
| | * | Guillain Barré syndrome ("GBS"). |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

<u>Emily Ashe</u>, Anapol Weiss, Philadelphia, PA, for Petitioner;
<u>Katherine C. Esposito</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## **UNPUBLISHED DECISION**[1]

On October 27, 2022, the parties filed a joint stipulation concerning the petition for compensation filed by Kevin Pickard on March 12, 2020. Petitioner alleged that the influenza ("flu") vaccine which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused him to suffer Guillain-Barré Syndrome ("GBS") and chronic inflammatory demyelinating polyneuropathy ("CIDP"). Petitioner further alleges that he suffered the residual effects of this injury for more than six months. Petitioner represents that there has been no prior

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

award or settlement of a civil action for damages on his behalf as a result of his condition.

Respondent denies that the flu vaccine either caused petitioner to suffer from GBS, CIDP, or any other injury or his current condition.

Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

a. **A lump sum payment of $271,733.80 in the form of a check payable to petitioner. This amount represents compensation for combined first-year life care expenses, pain and suffering, lost wages, and past unreimbursable expenses.**

b. **A lump sum payment of $200,000.00 in the form of a check payable to petitioner and the Department of Human Services. This amount represents reimbursement of a lien for services rendered on behalf of petitioner by the Pennsylvania Department of Human Services. Payment to Department of Human Services may be sent to**

> Department of Human Services
> Bureau of Program Integrity/TPL
> P.O. Box 8486
> Harrisburg, PA 17105-8486
> CIS#:  130175725
> Attn: Tony Calaman

c. **An amount sufficient to purchase the annuity contract described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased. ("Life Insurance Company").**

**These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KEVIN PICKARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 20-276V |
| v. ) | Special Master Moran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## **STIPULATION**

The parties hereby stipulate to the following matters:

1. Kevin Pickard, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received his flu vaccination on October 8, 2018.

3. The vaccination was administered within the United States.

4. Petitioner alleges that he developed Guillain-Barré Syndrome ("GBS") and chronic inflammatory demyelinating polyneuropathy ("CIDP") which was caused in fact by the flu vaccine, and that he experienced the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the flu vaccine caused petitioner's alleged GBS, CIDP, or any other injury, or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. A lump sum of **$271,733.80**, which amount represents compensation for first year life care expenses ($21,733.80), and pain and suffering, lost wages, and past unreimburseable expenses ($250,000.00) in the form of a check payable to petitioner;

b. A lump sum of **$200,000.00**,[1] which amount represents reimbursement of a lien for services rendered on behalf of petitioner by the Pennsylvania Department of Human Services, in the form of a check payable jointly to petitioner and

> Department of Human Services
> Bureau of Program Integrity/TPL
> P.O. Box 8486
> Harrisburg, PA 17105-8486
> CIS #: 130175725
> Attn: Tony Calaman

c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Pennsylvania may have against any individual as a result of any Medicaid payments the Commonwealth of Pennsylvania has made to or on behalf of petitioner as a result of his alleged injury relating to a flu vaccine administered on October 8, 2018, under Title XIX of the Social Security Act, see 42 U.S.C. § 300aa-15(g), (h).

2

U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Kevin Pickard, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows for the following items of compensation:

   a. For future unreimbursable **Medicare Part B Premium** expenses, beginning on the first anniversary of the date of judgment, an annual amount of $2,041.20, to be paid up to the anniversary of the date of judgment in year 2047, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

   b. For future unreimbursable **Neurologist Co-pay, Podiatry, and Gastroenterologist Follow-up** expenses, on the first anniversary of the date of judgment, a lump sum of 640.00. Thereafter, beginning on the second anniversary of the date of judgment, an annual amount of $620.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

   c. For future unreimbursable **Physical Therapy Evaluation, Physical Therapy, Occupational Therapy Evaluation, and Occupational Therapy** expenses, on the first anniversary of the date of judgment, a lump sum of $1,050.00. Then, on the second anniversary of the date of judgment, a lump sum of $560.00. Thereafter, beginning on the third anniversary of the date of judgment, an annual amount of $280.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

    d.    For future unreimbursable **Gym Membership** expenses, beginning on the first anniversary of the date of judgment, an annual amount of $612.00 to be paid up to the anniversary of the date of judgment in year 2047. Then, beginning on the anniversary of the date of judgment in year 2047, an annual amount of $432.00 to be paid up to the anniversary of the date of judgment in year 2055, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

    e.    For future unreimbursable **Ankle Foot Orthosis ("AFOs") , Shower Transfer Bench, Handheld Shower, Raised Toilet Seat with Arms, Bed Rail, Lift Chair, Heavy-Duty Rollator Walker, Four Wheel Scooter, Scooter Battery, Scooter Maintenance, Vela Tango Chair, and Adaptive Equipment for Dressing & Sleeping** expenses, beginning on the first anniversary of the date of judgment, an annual amount of $861.21 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

    f.    For future unreimbursable **Home Health Aide** expenses, beginning on the first anniversary of the date of judgment, an annual amount of $6,552.00, to be paid up to the anniversary of the date of judgment in the year 2047. Thereafter, beginning on the anniversary of the date of judgment in 2047, an annual amount of $9,828.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

    g.    For future unreimbursable **Hand Control** expenses, on the anniversary of the date of judgment in 2030, a lump sum of $2,300.00. Thereafter, beginning on the anniversary of the date of judgment in 2031, an annual amount of $230.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Kevin Pickard, is alive at the time that a particular payment is due. Written notice shall be

provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Kevin Pickard's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on or about October 8, 2018, as alleged by petitioner in a petition for vaccine compensation filed on or about March 12, 2020, in the United States Court of Federal Claims as petition No. 20-276V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged GBS, CIDP, any other injury, or his current condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/
/
/
/

Respectfully submitted,

**PETITIONER:**

*/s/ Kevin Pickard*

KEVIN PICKARD

| | |
|---|---|
| **ATTORNEY OF RECORD FOR PETITIONER:**<br><br>*/s/ Emily Ashe*<br><br>EMILY ASHE<br>ANAPOL WEISS<br>One Logan Square<br>130 N. 18th Street, Suite 1600<br>Philadelphia, PA 19103<br>Tel: (215) 790-4578<br>Email: eashe@anapolweiss.com | **AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**<br><br>*/s/ Heather L. Pearlman*<br><br>HEATHER L. PEARLMAN<br>Deputy Director<br>Torts Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, DC 20044-0146 |
| **AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**<br><br>George R. Grimes -S14<br>Digitally signed by George R. Grimes -S14<br>Date: 2022.09.27 16:46:11 -04'00'<br><br>CDR GEORGE REED GRIMES, MD, MPH<br>Director, Division of Injury<br>  Compensation Programs<br>Health Systems Bureau<br>Health Resources and Services<br>  Administration<br>U.S. Department of Health<br>  and Human Services<br>5600 Fishers Lane, 08N146B<br>Rockville, MD 20857 | **ATTORNEY OF RECORD FOR RESPONDENT:**<br><br>*/s/ Katherine C. Esposito by Heather L. Pearlman*<br><br>KATHERINE C. ESPOSITO<br>Trial Attorney<br>Torts Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, DC 20044-0146<br>Tel: (202) 305-3774<br>Email: katherine.esposito@usdoj.gov |

Dated: 10/27/2022