# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| KEVIN PICKARD, | * |
| | *    No. 20-276V |
|         Petitioner, | *    Special Master Christian J. Moran |
| | * |
| v. | *    Filed: December 1, 2023 |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
|         Respondent. | * |

* * * * * * * * * * * * * * * * * * * *

Emily B. Ashe, Anapol Weiss, Philadelphia, PA, for Petitioner;
Katherine C. Esposito, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Kevin Pickard's motion for final attorneys' fees and costs. He is awarded $55,782.85.

\*    \*    \*

On March 12, 2020, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Petitioner alleged that the influenza vaccination he received on October 8, 2018, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused him to suffer Guillain-Barré syndrome and chronic inflammatory demyelinating polyneuropathy. On October 27, 2022, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same day. 2022 WL 17821211.

On April 28, 2023, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $50,050.50 and attorneys' costs of $8,634.83 for a total request of $58,685.33. Fees App. at 5. Pursuant to General Order No. 9, counsel for petitioner represents that no personal incurred any costs related to the prosecution of this case. Id. On April 28, 2023, respondent filed a response to petitioners' motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*   \*   \*

Because petitioner received compensation pursuant to a stipulation, he is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates for the work of her counsel: for Ms. Emily Ashe, $290.00 per hour for work performed in 2019, $310.00 per hour for work performed in 2020, $330.00 per hour for work performed in 2021, $350.00 per hour for work performed in 2022, and $370.00 per hour for work performed in 2023; for Mr. Lawrence Cohan, $450.00 per hour for work performed in 2020; for Mr. Gregory Spizer, $380.00 per hour for work performed in 2019 and $400.00 per hour for work performed in 2020; and for Ms. Mirian Barish, $380.00 per hour for work performed in 2021 and $400.00 per hour for work performed in 2023. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein for work performed in the instant case. See Gorham v. Sec'y of Health & Human Servs., No., 2023 WL 6465146 (Fed. Cl. Spec. Mstr. Aug. 30, 2023); Sincebaugh v. Sec'y of Health & Human Servs., 20-1677V, 2023 WL 4199534 (Fed. Cl. Spec. Mstr. May 26, 2023).

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and, on the whole, the request is reasonable mostly. However, a minor amount of time was billed for administrative tasks such as filing medical records by paralegals and

attorneys billing time to direct the filing of those records. See Guerrero v Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016). The undersigned shall reduce the final award by $500.00 to address this issue, which results in a final award of $49,550.50.

### C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner's requests a total of $8,634.83 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage, and work performed by petitioner's life care planner, Ms. Roberta Hurley.

Ms. Hurley's billing statement presents two issues. First, her proposed hourly rate of $175.00 exceeds what she has previously billed at and been awarded for her Vaccine Program work. See Tiedmann v. Sec'y of Health & Human Servs., No. 19-132V, 2023 WL 5791844 (Fed. Cl. Spec. Mstr. Jul. 21, 2023) (awarding Ms. Hurley $125.00 per hour for work performed in 2020); Wilmore v. Sec'y of Health & Human Servs., No. 17-2014V, 2023 WL 2253267 (Fed. Cl. Spec. Mstr. Feb. 28, 2023) (awarding $125.00 per hour for work performed in 2019). In the instant case, Ms. Hurley performed work in 2020 and 2021. While Ms. Hurley's rate need not remain static forever, it is incumbent upon petitioner and his counsel to substantiate the hourly rates of the experts they retain. In this case, petitioner has not advanced any argument in favor of increasing Ms. Hurley's hourly rate, nor has any statement from Ms. Hurley been provided explaining the increase.

Furthermore, Ms. Hurley's billing statement contains the same errors that the undersigned has previously noted, namely a lack of specificity in her billing entries concerning review of records, communication, and research. Id. at *3; see also Boerger v. Sec'y of Health & Human Servs., No. 18-130V, 2023 WL 2336987, at *3 (Fed. Cl. Spec. Mstr. Mar. 3, 2023); Harper v. Sec'y of Health & Human Servs., No., 2018 WL 6292682, at *2 (Fed. Cl. Spec. Mstr. Nov. 2, 2018). As these cases illustrate, Ms. Hurley has been on notice for several years about the vague nature of her billing entries. While the undersigned makes no finding as to the quality of her life care plans, the fact that this issue has been ongoing for so long provides justification for the undersigned not to increase Ms. Hurley's hourly rate for her work in this case. Accordingly, a reasonable hourly rate for Ms. Hurley's work is $125.00 per hour and a reasonable total for that work is $4,324.46

(representing time billed at $125.00 per hour plus a 10% reduction for vague billing entries).

The remainder of the requested attorneys' costs are reasonable and have been supported with appropriate documentation. Petitioner is therefore awarded final attorneys' costs of $6,232.35.

D.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$55,782.85** (representing $49,550.50 in attorneys' fees and $6,232.35 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Ms. Emily Ashe.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.